

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*********************************
UNITED STATES OF AMERICA

v.

KHALIED ATIEH and RAFIL ATIEH,

**Defendants**
*********************************

Criminal No. 06-CR-200 (DNH) (FJS)

**I N D I C T M E N T**

VIO: 7 U.S.C. § 2024(c)
[One Count]

## THE GRAND JURY CHARGES:

### INTRODUCTION

1. Congress passed the Food Stamp Act of 1977 in an effort to alleviate hunger and malnutrition. The program uses tax dollars to subsidize low-income households, permitting them to obtain a more nutritious diet by increasing the food purchasing power of eligible households.

2. The United States Department of Agriculture administers the Food Stamp program.

1

Retail food stores that have been approved for participation in the program may sell eligible food products in exchange for food stamp benefits. Under Title 7, Chapter 51, of the United States Code, and the regulations issued thereunder, a business that accepts food stamp benefits must do so only in connection with retail sales of eligible food products, and must be authorized by the Food and Nutrition Services.

3. Title 7 of the Code of Federal Rules and Regulations, Section 278.2, prohibits an authorized retail food store from accepting food stamp coupons in exchange for cash. Title 7 of the Code of Federal Rules and Regulations, Section 271.2 defines coupons as, among other things, access devices, including an electronic benefit transfer card.

## COUNT ONE

## (FOOD STAMP FRAUD)

**THE GRAND JURY FURTHER CHARGES:**

4. The allegations set forth in Paragraphs 1 through 3 are incorporated by reference herein.

5. From on or about January 1, 2005 through April 30, 2006, inclusive, in the Northern District of New York and elsewhere,

**KHALIED ATIEH and RAFIL ATIEH,**

each aiding and abetting the other, did knowingly present and cause to be presented for payment and redemption, United States government Food Stamp program coupons, through electronic benefit transfer cards, in a value of exceeding $100.00, knowing the same to have

2

been received, transferred, and used in a manner contrary to the Food Stamp Act (Title 7, United States Code, Section 2011, et. seq.) and the Regulations issued pursuant to that program, by redeeming the beneficiaries' electronic benefits for cash at less than full value.

All in violation of Title 7, United States Code, Section 2024(c) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION I RELATING TO COUNT ONE

### THE GRAND JURY FURTHER CHARGES:

6. The allegations of Count ONE of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to 7 U.S.C. § 2024 (h).

7. Pursuant to 7 U.S.C. § 2024(h) upon conviction **Khalid Atieh and Rafil Atieh**, the defendants, shall forfeit to the United States all right, title and interest in any and all property, real or personal, involved in said offense in violation of 7 U.S.C. § 2024(c), and all property traceable to such property, including the following property that was the subject of the offense, and all property used in any manner or part to commit that violation.

8. The intent of the United States to forfeit such property includes, but is not limited to the following up to:

(1) $304,823.37 in United States Currency, in that such sum is equal to the amount forfeitable as charged in Count ONE.

(2) All funds contained within JP Morgan Chase Bank account number 590500855765 in the name of Nasser M. Matari d/b/a Syracuse Upstate Market, Inc.

## Substitute Asset Provision

9. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant -

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the court;
>
> (4) has been substantially diminished in value, or
>
> (5) has been co-mingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

All pursuant to Title 7 United States Code Section 2024(h).

Dated: June ___1___, 2006

A TRUE BILL

_____
Foreperson of the Grand Jury

GLENN T. SUDDABY
United States Attorney

By: _____
Gregory A. West
Assistant U.S. Attorney
Bar Roll No. 501530

4