IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 06-CR-200 (NAM) |
| RAFIL ATIEH, | PLEA AGREEMENT |
| Defendant. | |



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GLENN T. SUDDABY, United States Attorney for the Northern District of New York by Gregory A. West and Rafil Atieh with Thomas J. Miller, Esq., appearing hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

1. In return for the consideration described below, Rafil Atieh agrees as follows:

    a. The Defendant will withdraw his previous plea of "Not Guilty" and enter a plea of "Guilty" to Count One of Indictment 06-CR-200, charging him with defrauding the USDA and the Food Stamp Program, in violation of 7 U.S.C. § 2024(c).

    b. The Defendant consents to the entry of an order directing him to pay restitution to the USDA in the amount of the loss.

    c. The Defendant consents to the entry of an order directing him to forfeit certain assets to the United States, pursuant to the Forfeiture Allegations relating to Count One, as more fully set forth below.

2. **Potential Penalties.** Rafil Atieh understands that his guilty plea to Count One will subject him to the following potential penalties:

      a.      <u>Maximum term of imprisonment</u>: 5 years. (7 U.S.C. § 2024(c))

      b.      <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of up to three years, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583) Should the Defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to two years of imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above. Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

      c.      <u>Maximum fine</u>: $20,000.00. (7 U.S.C. § 2024(c)) In its discretion, the Court may impose an alternative fine of the greater of $250,000 or twice the pecuniary gain to the Defendant or loss to any victim resulting from the offense of conviction. (18 U.S.C. § 3571(b) & (d))

      d.      <u>Restitution</u>: The sentencing Court may order that the Defendant pay restitution to any victim of the offense of conviction. (18 U.S.C. §§ 3663 & 3664)

      e.      <u>Forfeiture</u>: The sentence imposed by the Court will include an order of forfeiture, as more fully set forth below (pages 11-12).

      f.      <u>Special Assessment</u>: The Defendant will be required to pay an assessment of $100.00, which is due and payable at the time of sentencing. (18 U.S.C. § 3013) The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00, payable to the U.S. District Court at the time of his sentencing.

g. <u>Interest and penalties</u>: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

h. <u>Collateral Consequences</u>: Conviction of a felony under this Agreement may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms and may result in deportation or removal from the United States.

3. Rafil Atieh understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker*, 543 U.S. 220 (2005). In imposing the sentence, the Court must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). While the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors.

4. **Elements of the Offense.** Rafil Atieh understands the following legal elements of the offense stated in Count One, and admits that those elements accurately describe his criminal conduct:

a. The Rafil Atieh knowingly acquired EBT card (food stamp) benefits in a manner contrary to law.

b. The amount of the benefits was greater than $100.00.

5. **Factual Basis for the Plea.** Rafil Atieh admits the following facts, which establish his guilt concerning the offense stated in Count One of Indictment 06-CR-200:

3

      a.    Rafil Atieh worked at the Syracuse Upstate Market located at 124 Merriman Avenue in Syracuse, New York at various times from January 1, 2005 through April 30, 2006.

      b.    Rafil Atieh knew that the Syracuse Upstate Market was prohibited from accepting food stamp coupons, including electronic benefits from the program, in exchange for cash.

      c.    At various times from January 1, 2005 through April 30, 2006 the defendant, or others acting on his behalf or at his direction, presented electronic benefit transfer cards issued to food stamp recipients in exchange for cash, or credit to be applied toward the recipient's telephone or utility bills, paying approximately 50% of the value of the amount charged to the food stamp benefit card.

      d.    The transactions took place at the Syracuse Upstate Market in the Northern District of New York and the value of the transactions exceeded $100.00.

      e.    The Defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the Defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant agrees that his sentence may be determined based upon such judicial fact-finding.

6.    The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above in paragraph 5, shall be admissible and useable against the Defendant by the United States in any subsequent criminal or civil proceeding, if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or

4

withdrawn. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

7.  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees fully to disclose all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that his financial statement and disclosures will be complete, accurate and truthful.

8.  In exchange for the plea of guilty to Count One of the Indictment 06-CR-200 by Rafil Atieh and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

   a.  It will bring no further federal criminal charges against the Defendant relating to the conduct in the Northern District of New York, committed before the date of this Agreement, which is described in Count One and the Defendant's admissions in paragraph 5, above for so long as the guilty plea and sentence on Count One remain in effect.

   b.  If the guilty plea to Count One is later withdrawn or vacated, the charges not prosecuted pursuant to subparagraph 8a of this Agreement may be reinstated and prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the reinstatement of any such charges. The Defendant waives any defense or objection to the reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

      c.    It reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court.

      d.    The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within Count One.

9.    The U.S. Attorney's Office and Rafil Atieh agree to stipulate at sentencing to the statement(s) set forth in subparagraph a below, subject to the caveats set forth in the subparagraphs following.

      a.    <u>Stipulations</u>

The U.S. Attorney's Office will recommend a 2-level downward adjustment to the applicable Sentencing Guidelines range if, (A) through the time of sentencing, the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government for the offense of conviction, as defined in U.S.S.G. § 3E1.1(a); and (B) the Government does not acquire new evidence of conduct committed by the Defendant, either before or after his guilty plea, that constitutes "obstruction of justice," as defined in U.S.S.G. § 3C1.1. If the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government and promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently, the U.S. Attorney's Office will move for an additional downward adjustment of 1 level, if the Defendant otherwise qualifies under U.S.S.G. § 3E1.1(b).

      b.    It was reasonably foreseeable to the defendant that the loss was greater than $120,000 but less than $200,000.

   c. Until the Probation Office has fully investigated the defendant's criminal history, it is not possible to predict with certainty the Defendant's Criminal History Category and, in some cases, his total offense level.

   d. It is understood that these stipulations cannot and do not bind the sentencing Court, which may make independent factual findings by a preponderance of the evidence and may reject any or all stipulations between the parties. The rejection of any or all stipulations by the Court will not be the basis for the withdrawal of a plea of guilty by the Defendant, and will not release either the U.S. Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein.

   e. No stipulation in this Agreement shall affect the parties' respective obligations to ensure that, to the extent possible, the Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any such factual information to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report, and agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this Agreement.

   f. To the extent the stipulations above do not reflect agreement on any factor or issue potentially affecting the applicable advisory Sentencing Guidelines range, the Defendant and the U.S. Attorney's Office each expressly reserves the right to advocate if, and how, any such factor or issue would apply under the Sentencing Guidelines.

  10. The Defendant understands that any estimate of the Defendant's total offense level, criminal history score, and/or Sentencing Guidelines range provided before sentencing is preliminary and is not binding on the parties to this Agreement, the Probation Office, or the Court.

11. This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability, or proceedings relating to the forfeiture of assets.

12. The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

   a. If the Court rejects the provisions of this Agreement permitting the Defendant to plead guilty to Count One in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(A), the Court will afford the Defendant an opportunity to withdraw his/her plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

   b. The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his/her plea of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

13. The Defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

        a.      The Defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel. The Defendant understands that by entering a plea of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present evidence in his defense; and (vi) to remain silent and refuse to be a witness against him/herself by asserting the privilege against self-incrimination.

        b.      The Defendant has been advised by defense counsel of the nature of the charges to which he is entering a guilty plea and the nature and range of the possible sentence. The Defendant understands the sentencing Court's obligation to consider the United States Sentencing Guidelines (as explained further [in paragraph 3] above) and the Court's discretion to depart from those Guidelines under some circumstances or otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

14.      The Defendant hereby forfeits, to the United States, all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation in Count One, pursuant to 7 U.S.C. § 2024(h) and 18 U.S.C. § 982(b), whether those assets are in the possession or control of the Defendant, a nominee or some other third party.

        a.      The Defendant consents to the entry of an order of forfeiture of these assets.

        b.      The Defendant acknowledges liability for $304,823.37, as set forth in the Forfeiture Allegation of Count One.

  c. Forfeiture of the Defendant's assets will not satisfy all, or any portion of, a fine, restitution, or other penalty that the Court may impose upon the Defendant in addition to forfeiture.

  d. In the event that any successful claim is made, by any third party, to the assets described above, the Defendant agrees to forfeit substitute assets equal in value to the assets transferred to any such third party. The Defendant agrees that forfeiture of substitute assets as authorized herein and in the Forfeiture Allegations of Count One, pursuant to 18 U.S.C. 982(b) shall not be deemed an alteration of the Defendant's sentence.

  e. The Defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable assets, including but not limited to, surrendering title; completing any documents or legal proceedings required to transfer assets to the United States; and taking necessary steps to ensure that assets subject to forfeiture are not sold, disbursed, expended, destroyed, damaged, hidden or otherwise made unavailable for forfeiture or removed beyond the jurisdiction of the Court.

  f. The Defendant waives his right to a jury trial on the forfeiture of assets. The Defendant waives all Constitutional, legal and equitable defenses to the forfeiture of assets, as provided by this Agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of an excessive fine.

  g. The Defendant acknowledges that the Government may institute civil or administrative proceedings against any or all of the Defendant's forfeitable assets including, but not

limited to substitute assets and any forfeitable assets not identified by the Defendant, and agrees not to contest any such forfeiture proceedings.

      h.    The Defendant represents and warrants that he has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this Plea Agreement, other than those listed in the Forfeiture Allegations of Count One.

      i.    In the event the U.S. Attorney's Office determines that the Defendant has breached any condition of this Agreement, the Defendant agrees that none of the forfeited property shall be returned to him, nor shall he assert any claim to the forfeited property. The Defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends or associates.

15.    **Waiver of Appeal and Collateral Attack.**  The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 24 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that, should the sentence imposed exceed 24 months, this would not permit him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

limited to substitute assets and any forfeitable assets not identified by the Defendant, and agrees not to contest any such forfeiture proceedings.

  h. The Defendant represents and warrants that he has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this Plea Agreement, other than those listed in the Forfeiture Allegations of Count One.

  i. In the event the U.S. Attorney's Office determines that the Defendant has breached any condition of this Agreement, the Defendant agrees that none of the forfeited property shall be returned to him, nor shall he assert any claim to the forfeited property. The Defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends or associates.

  15. **Waiver of Appeal and Collateral Attack.** The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 24 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that, should the sentence imposed exceed 24 months, this would not permit him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow

the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

16.     No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all parties. This Agreement, to become effective, must be signed by all of the parties listed below.

Dated: May 8, 2007

By: *[signature]*
GLENN T. SUDDABY
United States Attorney
Northern District of New York

Gregory A. West
Assistant U.S. Attorney
Bar Roll No. 501530

Dated: April 26, 2007

*[signature]*
Rafil Atieh
Defendant

Dated: April 26, 2007

*[signature]*
Thomas J. Miller, Esq.
Attorney for Defendant
Bar Roll No. 508064

12